GEORGE KINSMANN ET AL. v. THE FISCH HOUSE FUR-
NISHING COMPANY ET AL.

Decided December 3, 1925.

Landlord and Tenant—Fire Seriously Damaging Premises—
Lease Contained Provision For Its Termination in Event
That Landlord Decided to Rebuild—Tenant Made a Cash
Deposit and Brought Suit For Its Recovery Upon Landlord's
Decision to Rebuild—Statute Which Provides That Tenant
Shall Not Be Excused From Payment of Rent Unless He
Shows That Fire Did Not Result From Any Negligence or
Fault On His Part, Also, Provides That This Provision
Should Not Apply When in Conflict With Terms of Lease—
Trial Judge Not Obliged to Delay Progress of Cause to Re-
ceive Requests to Charge After Summing Up Begins.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Charles A. Rathbun.*

*Contra, Samuel C. Meyerson.*

PER CURIAM.

The defendant corporation was the owner of the property commonly known as the Mansion House, in Morristown, New Jersey. A lease was made between it and the plaintiffs, whereby the defendant corporation agreed to rent a portion of the property to them for a term of five years. The re-
maining portion of the premises the defendant corporation

retained for its own purposes. The rent was fixed by the lease at $4,500 annually, payable in installments of $375, in advance, on the first day of each month. One of the provisions of the lease required the plaintiffs to deposit with the lessor $2,000, as security for the performance of the provisions thereof, which were binding on them, and this they did. The plaintiffs entered into possession in July, 1923, and on the 29th of November of that year the building caught fire and was partially destroyed. The plaintiffs then ceased to occupy the premises, they having been rendered untenable by the fire, and the defendant corporation afterward took possession thereof, apparently for the purpose of rebuilding or repairing the damaged structure. The work, however, was not begun until the latter part of January following, and was not completed until some time in April then next. The present suit was brought by the plaintiffs about the time the work was completed to recover the deposit of $2,000 made by them (the rents which had theretofore accrued having been paid up), their claim being that the lease had been terminated after the fire by the action of the landlord. The provision of the lease upon which this claim is based is as follows: "The tenants shall, in case of fire, give immediate notice thereof to the landlord, who shall thereupon cause the damage to be repaired forthwith, but if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire." The trial having resulted in a verdict in favor of the plaintiffs, and a rule to show cause having been allowed to the defendants, we are now asked to direct a new trial, for the reasons which will hereafter be considered.

The first contention is that the verdict is against the weight of the evidence and the law of the case, in that the proof shows that the fire occurred through the negligence of the plaintiffs or by their intentional act, the court having charged the jury that, in either of these events, their verdict must be for the defendants. We find nothing to support this contention. There was no proof offered by the defendants to justify a finding of negligence against the plaintiffs, and the

finding of the jury that the plaintiffs had not been guilty of a criminal offense by setting fire, or conniving at setting fire, to the leased premises was not contrary to the weight of the evidence.

It is also contended that the trial court erred in charging the jury that, if the defendants had failed to repair the damaged building with reasonable promptness, the tenants were entitled to a return of their $2,000 deposit. The argument in support of this contention is that the defendants were not entitled to a return of the deposit unless there had been a termination of the lease, and that there could not have been a termination thereof unless there had been a destruction of the building without fault, carelessness or negligence on the part of the plaintiffs. In considering this point, it is to be observed that the provision of the lease, which has already been set out, recites that "if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease." Consequently, whether or not the term had come to an end, depended upon whether or not the landlord had decided to rebuild, and on this point the president of the defendant company, Mr. Cone, testified that some weeks after the fire "we started to rebuild" the damaged structure, "and intended to rent it as a hotel." We find nothing in the case contradictory of this statement by the president, and this action by his company, by the express provision of the lease, brought the term of the plaintiffs to an end. The ground upon which the criticism of the charge is rested being unsubstantial, the verdict should not be set aside because of alleged error.

It is further contended that the trial judge erroneously refused to direct a verdict in favor of the defendants at the close of the entire case. The motion for the direction was based upon two grounds—first, that the burden rested upon the plaintiffs to show that the fire was not the result of their fault or neglect, and that they had not carried this burden, and second, that, under the recited provision of the lease, the only relief to which the tenants were entitled was to be discharged from the payment of the rent accruing from the

time of the fire to the completion of the repairs. The first ground upon which the motion was rested is based upon the thirty-first section of our Landlord and Tenant act (*Comp. Stat., p. 3078*), which provides that a tenant shall not be excused from the payment of rent by reason of a fire occurring in the leased premises unless he shows that such fire has not resulted from any negligence or fault on his part. But the section appealed to expressly provides that it shall not apply to cases where it conflicts with provisions which the parties have stipulated in their agreement or lease. In the present case, the lease having stipulated that the term should cease in case the landlord should decide to rebuild, and the accrued rent having been paid up to the time of the fire, the statutory provisions appealed to has no application. As to the second point upon which the motion was rested, it is disposed of by what we have already declared.

The last ground upon which we are asked to make the rule absolute is based upon the refusal of the court to charge certain requests submitted by counsel for the defendant. It appears from the record, however, that the requests were not submitted until after the summing up by counsel was well under way, and the court refused to accept the requests or consider them because they had not been presented before the summing up was begun. We think this was a matter within the discretion of the trial judge. It is for him to say whether he will delay the progress of the cause while he reads and considers submitted requests, whether they be one or fifty in number, or whether he will refuse to accept them, and, where nothing appears except the refusal and the ground upon which it was rested, we cannot say that the judicial discretion was abused.

On the whole case, we conclude that the rule to show cause should be discharged.